UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JONES INVESTMENTS, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO; CITY OF SACRAMENTO POLICE DEPARTMENT,<br><br>         Defendants. | No.  2:15-cv-00954-JAM-DAD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION** |

Plaintiff Howard Jones Investments, LLC ("Plaintiff") filed the Complaint (Doc. #1) alleging three causes of action against Defendants City of Sacramento and City of Sacramento Police Department (collectively "Defendants"). Plaintiff filed a Motion for Order (Doc. #9) allowing it to proceed with its pendent petition for writ of administrative mandamus. Defendants filed a Motion to Dismiss (Doc. #11) the Complaint.[1]

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 7, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff owns a rental property ("the Property") in Sacramento, California.  Plaintiff was notified by Defendants that certain activities occurring on the Property constituted a public nuisance and that Plaintiff had a legal duty to abate the nuisance activity.  Defendants indicated that if the nuisance activity continued they would take further enforcement action against Plaintiff, which could include the imposition of administrative penalties.  The parties then engaged in discussions regarding possible solutions to the issue, including the eviction of certain tenants on the Property.

Eventually, Defendants determined the Property was a continuing nuisance and imposed an administrative penalty of $4,999.99 on Plaintiff ("the Penalty").  Plaintiff filed an administrative appeal.  The hearing officer found Plaintiff "failed to evict the tenants creating the nuisance in a timely matter" and upheld the Penalty.

Plaintiff then filed the Complaint stating three causes of action:  (1) Violation of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 ("§1983"); (2) "Petition for Judicial Review of Hearing Officer's Decision upholding Administrative Penalty" pursuant to California Code of Civil Procedure §§ 1094.5, 1094.6; and (3) Tortious Interference with Contractual Relationship under California law.  Plaintiffs filed a "Petition for Writ of Administrative Mandamus" (Doc. #2) concurrently with the Complaint and in connection with the second cause of action, seeking to set aside the hearing officer's decision.

2

|   |                                |
|---|--------------------------------|
| 1 | II.   OPINION                  |

A.   Request for Judicial Notice

Plaintiff has requested the Court take notice (Doc. #19) of a "criminal case search and information" for Ada Janett Leeper, a tenant of the Property. The document is unnecessary for determining the current motions. The request is denied.

B.   Discussion

1.   First Cause of Action

In their Motion, Defendants contend Plaintiff's §1983 claim should be dismissed for failure to state a claim upon which relief can be granted. MTD at pp. 3-5. Defendants argue the Complaint fails to properly allege liability under Monell and fails to adequately articulate the constitutional rights allegedly violated. In its Opposition (Doc. #17), Plaintiff requests leave to amend the Complaint in order to better state the first cause of action. Pl. Opp. at pp. 3-4.

The Court therefore grants Defendants' Motion to Dismiss Plaintiff's first cause of action with leave to amend.

2.   Second Cause of Action

In its Motion, Plaintiff requests the Court allow it to proceed with the second cause of action in the Complaint and the corresponding petition, which seeks a writ of administrative mandamus. Pl. Motion at pp. 3-4. Plaintiff alternatively requests the Court allow it to litigate the remainder of the claims in the Complaint and thereafter dismiss the second cause of action or remand it to the appropriate state court at the conclusion of these proceedings. In their Opposition (Doc. #12), Defendants contend the Court should not exercise jurisdiction

1  over Plaintiff's writ as the proper venue is the Sacramento
2  County Superior Court.  In their Motion to Dismiss, Defendants
3  argue the second cause of action should be dismissed because the
4  only basis for federal jurisdiction is the first cause of action,
5  which should be dismissed for failure to state a claim.  Def.
6  Opp. at pp. 6-7.

   The petition for writ of administrative mandamus requests
the Court to set aside the hearing officer's decision, upholding
Defendants' imposition of the Penalty.  Petition at p. 4.
California Code of Civil Procedure § 1094.5 allows for judicial
review of certain administrative orders or decisions.  Federal
courts may exercise supplemental jurisdiction over such
California mandamus actions.  See Manufactured Home Communities,
Inc. v. City of San Jose, 420 F.3d 1022, 1027 n.6 (9th Cir.
2005).  However, a "federal court's exercise of jurisdiction over
a state mandamus issue raises serious considerations regarding
comity and federalism."  Fresno Unified Sch. Dist. v. K.U. ex
rel. A.D.U., 980 F. Supp. 2d 1160, 1184-85 (E.D. Cal. 2013).
Accordingly, federal courts have "generally been reluctant to
exercise supplemental jurisdiction over claims for writs of
mandate under California law."  Id.

> Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts. It would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon such proceedings. Considerations of federalism and comity, not generally present with typical "pendent" state claims, loom large in the case of state mandamus proceedings.

Clemes v. Del Norte County Unified School District, 843 F. Supp.
583, 596 (N.D. Cal. 1994), overruled on other grounds, Maynard v.

City of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994).

Although the Court has granted Plaintiff leave to amend its federal cause of action and the Court would have original jurisdiction over that claim, the Court finds exercising supplemental jurisdiction over Plaintiff's claim for a writ of mandamus would be inappropriate considering the nature of the claim and the attendant concerns discussed above. State courts are the better forum for seeking Plaintiff's desired remedy. The Court therefore dismisses the claim without prejudice. See 28 U.S.C. § 1367(c)(2), (4).

### 3. Third Cause of Action

Defendants contend the Court should decline to exercise jurisdiction over the third cause of action for tortious interference with a contractual relationship. MTD at p. 6. Their arguments center on the Court's discretion as to whether to exercise jurisdiction over this state law claim in the event the Court dismisses the sole federal claim without leave to amend. Because the Court has granted Plaintiff leave to amend the federal cause of action, Defendants' motion to dismiss the third cause of action is denied without prejudice.

## III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss the first cause of action for violation of Plaintiff's constitutional rights WITH LEAVE TO AMEND.  The Court declines to exercise jurisdiction over Plaintiff's claim for writ of administrative mandamus and the accompanying petition.  The second cause of action is therefore

1  dismissed WITHOUT PREJUDICE.  Defendants' Motion to Dismiss the
2  third cause of action is DENIED WITHOUT PREJUDICE.
3       Plaintiff shall file its First Amended Complaint within
4  twenty days of the date of this Order.  Defendants shall file
5  their responsive pleading within twenty days thereafter.
6       IT IS SO ORDERED.
7  Dated: October 29, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE