UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JONES INVESTMENTS, LLC; LOWELLA OLDHAM; ADA LEEPER; DOLLY LEEPER; ERICKA WARD; and ALONZO MEDLEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SACRAMENTO; CITY OF SACRAMENTO POLICE DEPARTMENT; MATT ARMSTONG; MICHAEL BENNER; SAM SOMERS JR.; and DOES 1-20,<br><br>    Defendants. | No.  2:15-cv-954-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

   The City of Sacramento assessed a fine against Plaintiff Howard Jones Investments, LLC ("Plaintiff Howard Jones") for failing to abate a public nuisance at its rental property. Because Howard Jones brought this action simultaneously with the continuing administrative proceeding, the Court abstains by staying those causes of action related to the nuisance penalty and its adjudication.  The Court dismisses in part the remaining causes of action for failure to state a claim.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 5, 2016.

1

1    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2        Plaintiff Howard Jones rented its apartments at 1933 Los
3    Robles Blvd. to (former) tenants Lowella Oldham, Ada Leeper,
4    Dolly Leeper, Ericka Ward, and Alonzo Medley (collectively,
5    "Tenant Plaintiffs").  First Amended Complaint ("FAC") ¶¶ 7-13.
6    Sacramento police officers allegedly targeted Plaintiffs'
7    property.  They would frequently "raid[]" the building, entering
8    the apartments without a warrant, handcuffing and pointing guns
9    at the occupants, and conducting searches.  FAC ¶¶ 20-21.  In
10   June 2014, Sergeant Matt Armstrong ("Defendant Armstrong") sent a
11   letter to Plaintiff Howard Jones advising that there were
12   "activities" at the property that "constitute[d] a public
13   nuisance," including noise violations and "[t]he occurrence of
14   criminal activity."  FAC ¶ 23; Plaintiff's Request for Judicial
15   Notice ("Plaintiff's RJN") Exh. A at 1.  Over the next few
16   months, Plaintiffs allege that Defendant Armstrong pressured
17   Howard Jones to evict the tenants as a means of abating the
18   nuisance.  FAC ¶¶ 24-30.  Howard Jones reached "agreements with
19   the tenants to vacate the property," but Defendant Armstrong
20   nonetheless "issued an Administrative Penalty" for failing to
21   abate the nuisance.  FAC ¶ 31.  An administrative hearing and
22   appeal followed.  FAC ¶¶ 37-40.  When the appeal was denied,
23   Plaintiff brought a complaint in Sacramento County Superior Court
24   seeking judicial review of the administrative decision.  See
25   Defendant's Request for Judicial Notice ("Defendant's RJN") Exh.
26   A.
27       Meanwhile, Plaintiff Howard Jones simultaneously brought
28   this action in federal court against the City of Sacramento, the

Sacramento Police Department, and Sacramento Police Officers Matt Armstrong, Michael Benner, and Sam Somers Jr. (collectively, "Defendants") (Docs. ##1, 2).  The complaint originally sought damages as well as a writ of mandamus.

The Court granted Defendants' first motion to dismiss the complaint with leave to amend (Doc. #23).  A First Amended Complaint ("FAC") was filed, which added the Tenant Plaintiffs for the first time and sought only damages (Doc. #27).  The FAC alleges violations of the tenants' Fourth Amendment Rights, and that the fine and forced evictions comprised unconstitutional takings, deprivations of due process, and tortious interference with Plaintiffs' lease contracts.  Defendants now move to dismiss the FAC (Doc. #36).  Plaintiffs oppose the motion (Doc. #39).

## II.  OPINION

### A.  Judicial Notice

Both parties have filed requests for judicial notice (Docs. ##36-2, 39-2).  Defendants seek judicial notice of Howard Jones's Superior Court complaint, and Plaintiffs request notice of the "Public Hearing Case File Outline."  Neither party objects to or questions the authenticity of the documents provided.  The Court therefore takes judicial notice of these documents, which are in the public record and not subject to reasonable dispute.  Fed. R. Evid. 201; see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th Cir. 2001).

///

///

B.  <u>Analysis</u>

    1.  <u>Younger Abstention</u>

Defendants argue that the Court should abstain pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Mot. at 12; Reply at 1. Plaintiffs' opposition brief provided no argument on this subject, and even Defendants offered only a few sentences and minimal citations. Nonetheless, the Court has determined that <u>Younger</u> is applicable.

"[A]bstention from the exercise of federal jurisdiction is the exception, not the rule." <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 594 (2013) (citation and quotation marks omitted). <u>Younger</u> abstention applies in three narrow circumstances: (1) state criminal prosecutions, (2) civil enforcement proceedings that are "akin to criminal prosecution," and (3) civil proceedings "involving certain orders uniquely in the furtherance of the state courts' ability to perform judicial functions." <u>Id.</u> at 591-92 (citations and alteration omitted). For civil enforcement proceedings, the Court should only abstain if three further "threshold elements" are met: The state proceedings must "(1) [be] ongoing . . . ([2]) implicate an important state interest, and ([3]) allow litigants to raise federal challenges." <u>ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 759 (9th Cir. 2014) (citations omitted). Where these elements are met, abstention is warranted if "the federal action would have the practical effect of enjoining the state proceedings and [no] exception to <u>Younger</u> applies." <u>Id.</u> These exceptions are "(1) [that] the state proceeding was motivated by bad faith, (2) [that] the challenged statute is

4

1    flagrantly unconstitutional, or (3) [] exceptional circumstances
2    are present." Gen. Steel Domestic Sales, LLC v. Suthers, 2007 WL
3    704477, at *12 (E.D. Cal. Mar. 2, 2007) (citations omitted).
4         Here, the City of Sacramento and Sacramento Police
5    Department brought a nuisance proceeding against Plaintiff Howard
6    Jones because of alleged "criminal activity." FAC ¶¶ 31-38.
7    This state proceeding is not itself criminal and does not affect
8    California's "judicial functions." But such a nuisance action
9    initiated by the government is sufficiently "akin to [a] criminal
10   prosecution" to invoke Younger principles. Huffman v. Pursue,
11   Ltd., 420 U.S. 592, 604 (1975) ("[A]n offense to the State's
12   interest in the nuisance litigation is likely to be every bit as
13   great as it would be were this a criminal proceeding.");
14   Woodfeathers, Inc. v. Washington Cty., Or., 180 F.3d 1017, 1021
15   (9th Cir. 1999) ("Civil actions brought by a government entity to
16   enforce nuisance laws have been held to justify Younger
17   abstention.").
18        Turning to the other threshold requirements, all three are
19   met here. First, the proceeding is on-going, because after the
20   administrative hearing and appeal, Howard Jones filed a writ for
21   state-court judicial review. Mir v. Kirchmeyer, 2014 WL 2436285,
22   at *11 (S.D. Cal. May 30, 2014) ("[T]he Court adopts the majority
23   approach of treating judicial review of state administrative
24   proceedings as a unitary process that is not to be interrupted by
25   federal court intervention."); see San Jose Silicon Valley
26   Chamber of Commerce Political Action Comm. v. City of San Jose,
27   546 F.3d 1087, 1093-94 (9th Cir. 2008) (establishing this rule in
28   dicta). Second, nuisance proceedings "implicate[] important

1  state interests justifying abstention." Cal. Outdoor Equity
2  Partners v. City of Corona, 2015 WL 4163346, at *6-*7 (C.D. Cal.
3  July 9, 2015) (citing World Famous Drinking Emporium, Inc. v.
4  City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987)) ("[B]ecause
5  the state court proceeding is a civil enforcement action seeking
6  to abate a public nuisance, it implicates important state
7  interests for purposes of Younger abstention."). And Plaintiffs
8  have the ability to raise federal constitutional claims in the
9  state proceeding. See Defendants' RJN Exh. A at 10 (alleging
10 violations of due process rights).
11      As to the final two inquiries, Plaintiffs' operative
12 complaint seeks only damages, but such relief would have the
13 "practical effect of enjoining the state proceedings." Awarding
14 damages "would [] cast aspersion on the competence of the[] state
15 courts to adjudicate [P]laintiff[s'] federal claims." Gen. Steel
16 Domestic Sales, 2007 WL 704477, at *12; see Gilbertson v.
17 Albright, 381 F.3d 965, 984 (9th Cir. 2004). Finally, Plaintiffs
18 have not argued that an exception to Younger applies here, and
19 indeed there is no basis for the Court to conclude that there was
20 bad faith, "flagrant[] unconstitutional[ity]," or other
21 exceptional circumstances. The Court therefore finds that
22 Younger abstention is appropriate and that no exception applies.
23      Defendants contend that dismissal is the proper application
24 of Younger. Reply at 1. But "when damages are at issue a
25 district court should exercise Younger abstention by staying the
26 federal action rather than dismissing it." Los Altos El Granada
27 Inv'rs v. City of Capitola, 2005 WL 1774247, at *10 (N.D. Cal.
28 July 26, 2005) (citing Gilbertson, 381 F.3d at 984).

1    The Court accordingly stays the third through sixth causes
2 of action, which relate to the ongoing state proceedings about
3 the nuisance penalty.  Given this conclusion, the Court does not
4 reach the parties' other arguments as to the merits of these
5 causes of action.
6    However, there remain two causes of action that are
7 independent of the state proceedings: the first and second causes
8 of action allege that Sacramento police officers entered and
9 searched the tenants' apartments in violation of the Fourth
10 Amendment.  Such allegations are unrelated to the nuisance
11 proceedings, so the Court will not stay the case with regard to
12 those causes of action.  See Gilbertson, 381 F.3d at 980 n.14
13 (noting that abstention is not warranted where "the underlying
14 federal claims [are] 'wholly unrelated' to the issues in the
15 pending state proceeding").  The Court therefore addresses the
16 merits of the motion to dismiss as to the first and second claims
17 below.

              2.   First and Second Causes of Action

19    Plaintiffs bring two causes of actions for "unlawful entry"
20 and "unlawful search[es]" of Tenant Plaintiffs' apartments under
21 42 U.S.C. § 1983 and the Fourth Amendment.  See Illinois v.
22 Rodriguez, 497 U.S. 177, 181 (1990) ("The Fourth Amendment
23 generally prohibits the warrantless entry of a person's home,
24 whether to make an arrest or to search for specific objects.").
25 Plaintiffs assert these claims against two defendants: Defendant
26 Armstrong and the City of Sacramento.

                   a.   Claims Against Defendant Armstrong

28    Defendants argue that the claims against Defendant Armstrong

7

1  cannot stand because they are "[v]ague and conclusory."  Mot. at
2  5.  The Court disagrees, because the FAC states that Sacramento
3  police officers, including Defendant Armstrong himself, entered
4  and searched the apartments without a warrant, consent, or reason
5  to suspect wrongdoing.  FAC ¶¶ 20-21, 75-76, 81.  Taking these
6  allegations as true, they sufficiently allege a Fourth Amendment
7  violation.  See Williams v. Cty. of Alameda, 26 F. Supp. 3d 925,
8  938 (N.D. Cal. 2014) (denying motion to dismiss where the
9  complaint stated that the defendants "'smashed in [the
10 plaintiff's] door and forced it open' without a warrant, probable
11 cause, exigent circumstances or consent").
12     The Court also rejects Defendants' argument that "Armstrong
13 was not personally involved in warrantless entries or searches of
14 tenants' residents [sic]" and that "'searches conducted as part
15 of a general regulatory scheme in furtherance of an
16 administrative purpose . . . may be permissible . . . though not
17 supported by a showing of probable cause.'"  Mot. at 5-6; Reply
18 at 2 (citation omitted).  Such analyses are fraught with factual
19 disputes that the Court cannot resolve on a motion to dismiss.
20 The allegations in the first and second claims against Defendant
21 Armstrong are sufficient for this stage of the proceedings and
22 will not be dismissed.
23              b.    Claims Against Defendant City of Sacramento
24     Defendants move to dismiss the claims against City of
25 Sacramento because Plaintiffs did not allege a policy, custom, or
26 practice to support municipality liability under Monell v. Dep't
27 of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  Mot. at
28 4.  Plaintiffs' opposition discusses an alleged policy to effect

mass evictions, see, e.g., Opp. at 15, but does not mention any policy related to unlawful entry and search of apartments. Indeed, the FAC contains no allegations of that nature. The first and second causes of action are therefore dismissed without prejudice as to Defendant City of Sacramento.

### III. ORDER

For the reasons set forth above, the Court STAYS this action as to the third through sixth causes of action. All claims asserted by Plaintiff Howard Jones are therefore stayed pending resolution of the state proceeding. As to the tenants, the Court DISMISSES WITH LEAVE TO AMEND the first and second causes of action against Defendant City of Sacramento and DENIES the motion to dismiss those two claims against Defendant Armstrong. The Tenant Plaintiffs' amended complaint, if any, must be filed within twenty (20) days of the date of this order. Defendants' responsive pleading is due within twenty (20) days thereafter.

Based on these rulings, Plaintiffs' motion to for leave to file an amended complaint (Doc. #37) is denied as moot. That is, Howard Jones's claims are now stayed and the Tenant Plaintiffs have been given the opportunity to amend their remaining claims. The hearing on May 3, 2016 is vacated.

As a final matter, Plaintiffs' opposition (Doc. #39) failed to comply with this Court's order regarding page limits. See Order re Filing Requirements (Doc. #5) (limiting briefs to fifteen pages and advising that "[a] violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page"). The Court therefore sanctions

Plaintiffs' counsel, Moenig Law, in the amount of $150. That amount shall be paid to the Clerk of the Court within ten (10) days of the date of this order.

    IT IS SO ORDERED.

Dated: April 21, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE