UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JONES INVESTMENTS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, et al., <br><br> Respondents. | No. 2:15-cv-954 DAD-SCR <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

**INTRODUCTION**

In this action, Plaintiffs challenge nuisance abatement actions taken by the Sacramento Police Department that resulted in allegedly unconstitutional evictions. ECF No. 73 (Second Amended Complaint). Plaintiff Howard Jones Investments, LLC ("HJI"), now moves to compel on requests for production ("RFP"), requests for admission ("RFA"), and interrogatories. ECF No. 89. The contested discovery primarily concerns a training video that cannot be located by Defendants, Defendants' discovery-related retention practices, and training and oversight concerning nuisance-related evictions. The parties filed a joint statement on this discovery dispute pursuant to Local Rule 251 (ECF No. 90) and the Court heard oral argument on October 17, 2024. At the hearing, the Court indicated its ruling on the record as to each disputed RFP, RFA, and interrogatory. For the reasons stated at the hearing, and as further explained below, the

1

Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion (ECF No. 89).

## DEFENDANTS' OBJECTIONS

Defendants raise two broader objections that the Court first addresses. Defendants object to all discovery sought by Plaintiff HJI on standing grounds, arguing that HJI dissolved as a corporate entity in 2018, is therefore no longer a party to this litigation, and thus lacks standing to compel further discovery. HJI counters that it was later reconstituted under a different name and continues to have a stake in this litigation. Defendants are effectively asking the undersigned to rule on a merits issue of great consequence, and to do so on a thin factual record. Defendants cite no authority for the proposition that a standing determination may be adjudicated through a discovery dispute, and there appears to be none. *See Kimble v. Specialized Loan Servicing LLC*, No. 16-cv-2519-GPC (BLM), 2018 WL 1693197, at *4 (S.D. Cal. April 6, 2018) ("Defendant provides no legal authority for its position that a standing objection relieves Defendant of its discovery obligations. As Plaintiffs point out, Defendant's 'merits objections do not relieve it of its burden to produce relevant, discoverable materials—particularly where discovery has not been stayed.'"). Defendants cannot refuse to answer discovery due to a standing objection.

Defendants also object that several of Plaintiff's discovery requests were resolved in an earlier action to enforce the California Public Records Act ("PRA") and are therefore *res judicata*. However, Defendants do not provide a meaningful factual or legal basis for finding collateral estoppel applies, instead merely claiming that the plaintiff in the PRA action was in privity with HJI and that the PRA action involved the same documents that Plaintiff seeks here.[1] Defendants do not identify precisely which documents that Plaintiff now seeks to compel were

---

[1] Under Federal Rule of Civil Procedure 34(a)(1), a party may request production of relevant documents within the other party's "possession, custody, or control." If Defendants have responsive documents, it is inappropriate to object merely because they could also be obtained through a public records request. *See Williams v. Lawson*, 2023 WL 4642823 (W.D. Wash. 2023) (granting motion to compel and stating: "The Assistant Attorney General should no longer lodge objections on the grounds that [plaintiff] has equal access to information that he would otherwise have to obtain through a public records request."). While the Court would "not [] compel[]" Defendants "to produce documents that are equally available to plaintiff," *Valenzuela v. Smith*, No. 04-cv-0900 FCD DAD P2006 WL 403842 at *2 (E.D. Cal. 2006), Defendants did not make a record of what documents were already produced in the PRA litigation compared to the records that might be disclosed after a reasonable search by Defendants in this litigation.

1  previously produced in the PRA action.  Nor do Defendants explain exactly what the state court's

2  final judgment was as to each disputed category of information in that PRA action.

3  To the extent Defendants Having dispensed with Defendants' most pervasive objections,

4  the Court proceeds to note its rulings on the particular disputes.

### DEFENDANTS MUST MAKE A REASONABLE INQUIRY BEFORE RESPONDING TO DISCOVERY

7  As a threshold matter, the Court is troubled by the apparent failure of counsel for

8  Defendants to seek the assistance of any of Defendant City of Sacramento's personnel in

9  responding to the RFAs.  In response to an interrogatory requesting the identification of "all

10 CITY personnel who assisted in responding to the concurrently served Requests for Admission,"

11 Defendants responded "None."  ECF No. 90 at 15-16.  Federal Rule of Civil Procedure 36

12 requires a party make reasonable inquiry in answering a request for admission.  *See FDIC v.*

13 *Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010) ("Such reasonable inquiry includes an investigation

14 and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have

15 information which may lead to or furnish the necessary and appropriate response.") (quotation

16 omitted).  A failure to make reasonable inquiry may lead to the court compelling an amended

17 answer or even ordering a matter admitted.  *See Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d

18 1242, 1247 (9th Cir. 1981) ("We hold, therefore, that a response which fails to admit or deny a

19 proper request for admission does not comply with the requirements of Rule 36(a) if the

20 answering party has not, in fact, made 'reasonable inquiry[.]'").  In complying with this Order,

21 counsel must make a reasonable inquiry as to each RFA to which an amended response is

22 required. !

### RULINGS ON CONTESTED REQUESTS AND INTERROGATORIES

24 RFP 1: Motion to compel denied.  Defendants have represented in multiple ways that the

25 training video cannot be located.  The Court will not order Defendants to produce something they

26 cannot locate.

27 RFP 2: Motion to compel granted.  Litigation retention letters are ordinarily entitled to

28 attorney work product protection.  *See In re 3M Combat Arms Earplug Products Liability*

3

*Litigation*, Case No. 3:19-md-2885, 2020 U.S. Dist. LEXIS 48461 (N.D. Fla. Mar. 20, 2020) ("The prevailing view is that litigation hold notices are discoverable only if there is a preliminary showing of spoliation."). Here Plaintiff has shown that spoliation may have occurred as to the video and at least some retention-related discovery is accordingly warranted.

RFP 4: Motion to compel granted. Defendants are ordered to conduct a reasonable search as to any responsive documents and disclose any such documents that are not privileged.

RFAs 1 and 2: Motion to compel granted. This RFA seeks to authenticate and lay the foundation for documents previously produced pursuant to a PRA request. These are routine RFAs that will streamline further litigation and trial.

RFA 4: Motion to compel granted. Defendants' amended response, which references only documents already in Plaintiff's possession, suggests that Defendants did not conduct a reasonable inquiry before responding. Defendants shall conduct that reasonable inquiry and serve an amended response.

RFA 7: Motion to compel granted. Defendants admit only they are "not in possession" of the video. Defendants shall conduct a reasonable inquiry and serve an amended response that either admits that they did not preserve the video or denies that they did not preserve the video, in which case they should also explain that denial.

RFA 9: Motion to compel denied. Defendants' amended response is sufficient.

RFA 10: Motion to compel granted. Defendants response does not reasonably address the subject of the RFA.

RFA 11: Motion to compel denied. Defendants' response is sufficient.

RFA 30: Motion to compel denied. Defendants' response is sufficient.

RFA 33: Motion to compel denied. Defendants' response, which is premised on their denial of any "require[d]" evictions, is sufficient.

RFA 34: Motion to compel granted. Unlike RFA 33, Defendants do not reasonably respond to subject matter of the RFA and deny only a pattern and practice, which impermissibly narrows the48 RFA.

RFA 41: Motion to compel denied. Defendants' response is sufficient.

RFA 48: Motion to compel denied.  Defendants' amended response is sufficient.

RFA 49: Motion to compel denied.  Defendants' response and amended response are sufficient.

Interrogatories 12-13 and 17: Motion to compel granted.  Defendants' objections concerning state protections for law enforcement personnel records do not apply in federal court discovery disputes, and at most involve some additional balancing.  In any event, answers to these interrogatories would not reveal information concerning law enforcement personnel records that is protected from disclosure under state law.

Interrogatory 18: Motion to compel granted.  In addition to the reason that applies to Interrogatories 12-13 and 17, answers to this interrogatory would not reveal the *contents* of settlement discussions and is not protected under the mediation privilege or Federal Rule of Evidence 408.

Interrogatory 19: Motion to compel granted.

Interrogatories 24-25: Motion to compel granted for the same reasons that RFP 2 is granted.

## CONCLUSION

Plaintiff's Motion to Compel (ECF No. 89) is GRANTED IN PART and DENIED IN PART as set forth herein.  Defendants shall comply with this Order by **no later than November 12, 2024**.

Dated:  October 21, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE